IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAYMOND LEE CRISS,

    Plaintiff,

v.                                          Civil Action No. 5:16CV86
                                                        (STAMP)

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.  Procedural History

The plaintiff, Raymond Lee Criss, filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act. In the application, the plaintiff alleged disability since September 18, 2012. The plaintiff alleges that he is unable to work due to the following ailments: (1) hypertension, (2) edema, (3) dyspnea, (4) morbid obesity, (5) nicotine dependence, (6) chronic obstructive pulmonary disease ("COPD"), and (7) lower back pain. The Social Security Administration ("SSA") denied the plaintiff's application initially and on reconsideration. The plaintiff then appeared with counsel at a hearing before an Administrative Law Judge ("ALJ"). At the hearing, the plaintiff testified on his own behalf, as did an impartial vocational expert

and an impartial medical expert. The ALJ issued an unfavorable decision to the plaintiff, finding that he was not disabled under the Social Security Act. The plaintiff then timely filed an appeal of the decision to the Appeals Council. The Appeals Council denied the plaintiff's request for review.

The ALJ used a five step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since September 18, 2012, the date of his application; (2) the plaintiff had the following severe impairments: chronic obstructive pulmonary disease, obstructive sleep apnea, diabetes mellitus, hypertension, hyperlipidemia, hearing loss, report of peripheral neuropathy, and obesity; (3) none of the plaintiff's impairments met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff is unable to perform any past relevant work; and (5) "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Therefore, the ALJ found that the plaintiff did not have a disability as defined under the Social Security Act.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United

States Magistrate Judge Robert W. Trumble. Both parties filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that the plaintiff's motion for summary judgment be denied, that the defendant's motion for summary judgment be granted, and that the case be dismissed with prejudice. The plaintiff filed timely objections to the report and recommendation. The defendant then filed a response to the plaintiff's objections.

## II. Applicable Law

Because the plaintiff timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not made, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

The plaintiff argues in his motion for summary judgment that the defendant's decision is contrary to the law and is not supported by substantial evidence. Specifically, the plaintiff contends that the ALJ: (1) failed to properly consider the medical expert's testimony related to the plaintiff's two most disabling impairments, and (2) failed to properly consider the vocational expert's testimony indicating no jobs existed for an individual with the plaintiff's limitations.

The defendant argues in his motion for summary judgment that the decision is supported by substantial evidence and the ALJ applied the law correctly. Specifically, the defendant contends that the ALJ: (1) properly considered the medical expert's

4

testimony regarding the general treatment of edema and the frequency of urination related thereto, and determined that, with regard to the plaintiff, these limitations were not credible; and (2) properly relied on the vocational expert's testimony to the extent that edema and frequent urination were not credible limitations to the degree the plaintiff alleged based on the record as a whole. The defendant further contends that both the credibility assessment and the RFC determination are supported by substantial evidence.

A. <u>The ALJ's Assessment of the Plaintiff's Credibility Regarding Edema and Frequent Urination Due to his Diuretic Medication</u>

In his report and recommendations, the magistrate judge first found that the ALJ properly assessed the plaintiff's credibility regarding edema and frequent urination due to his diuretic medication. The magistrate judge found that the ALJ properly considered the seven factors set forth in Social Security Ruling 96-7p in arriving at his determination that the plaintiff was not entirely credible. Further, the magistrate judge concluded that the ALJ's credibility determination was sufficiently specific to make clear his reasoning in finding the plaintiff to be not entirely credible. The magistrate judge found that the plaintiff failed to meet his burden of showing that the ALJ's credibility determination was patently wrong and, thus, accorded the ALJ's credibility determination the great weight to which it is entitled.

5

In his objections, the plaintiff argues that it was error for the magistrate judge to analyze the case in terms of the plaintiff's credibility because the plaintiff's argument in his motion for summary judgment is based on "medical fact." Thus, the plaintiff contends that the record shows that the ALJ's decision should be overturned without ever getting to the issue of the plaintiff's credibility. The plaintiff argues that it is indisputable that the ALJ entirely dismissed the evidence on the record of increased urination and leg elevation in making the decision. In response to the objections, the defendant argues that the plaintiff's own subjective assertions regarding his functional limitations are not medical facts, and, thus, the magistrate judge appropriately framed the underlying issue as one of credibility.

On de novo review, this Court finds that it was not error for the magistrate judge to analyze the case in terms of the plaintiff's credibility, and that the ALJ properly assessed the plaintiff's credibility regarding edema and frequent urination due to his diuretic medication. There is a two-step process for determining whether a claimant is disabled by pain or other symptoms. See Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must expressly consider whether the claimant has demonstrated, through objective medical evidence, that a medical impairment exists that is capable of causing the degree and type of pain alleged. Id. Second, the ALJ must consider the credibility

6

of the claimant's subjective allegations of pain in light of the entire record.  Id.  Social Security Ruling 96-7p sets out several factors, in addition to objective medical evidence, for an ALJ to consider when assessing the credibility of a claimant's subjective symptoms and limitations.  If the ALJ meets his or her basic duty of explanation, then "an ALJ's credibility determination [will be reversed] only if the claimant can show [that] it was 'patently wrong.'"  Sencindiver v. Astrue, No. 3:08CV178, 2010 WL 446174, at *33 (N.D. W. Va. Feb. 3, 2010) (quoting Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000)).

The magistrate judge is correct that the ALJ was sufficiently specific in his analysis of the factors set forth in Social Security Ruling 96-7p to make clear his reasoning in finding the plaintiff not entirely credible.  ECF No. 7-2 at 22-26.  Further, the magistrate judge is correct that the plaintiff failed to meet his burden of showing that the ALJ's credibility determination is patently wrong.  The plaintiff did not cite to any evidence that he must use the restroom frequently due to the use of diuretic medication and, further, the plaintiff did not allege this as a limitation in either of his Adult Function Reports.  ECF No. 7-6 at 23-30; 44-51.  Additionally, the plaintiff cites to only a few places in the record where elevation of feet was recommended.  ECF No. 7-12 at 33 and 40.  Accordingly, this Court accords the ALJ's credibility determination the great weight to which it is entitled.

7

B.  <u>The ALJ's Assessment of the Testimonies of the Medical Expert and the Vocational Expert</u>

Next, the magistrate judge found that the ALJ properly assessed the testimony of both the medical expert and the vocational expert that testified at the hearing. The magistrate judge also found that the ALJ properly explained the weight given to his opinion and that substantial evidence supports the ALJ's assessment. In his objections, the plaintiff argues that the ALJ failed to address the portions of the experts' testimony that were consistent with the plaintiff's position and inconsistent with the ALJ's conclusion, including the portions regarding leg swelling, diuretic medications, and leg elevation. In response, the defendant contends that the magistrate judge fully considered the relevant medical evidence relating to the plaintiff's allegations of frequent urination and the need to elevate his legs in evaluating the medical expert and the vocational expert's testimonies, and, ultimately, the plaintiff's RFC assessment.

An ALJ must "weigh and evaluate every medical opinion in the record." <u>Monroe v. Comm'r of Soc. Sec.</u>, No. 1:14CV48, 2015 WL 4477712, at *7 (N.D. W. Va. July 22, 2015). While the testimony of a treating physician is often accorded greater weight, this "treating physician rule . . . does not require that the [treating physician's] testimony be given controlling weight." <u>Anderson v. Comm'r of Soc. Sec.</u>, 127 F. App'x 96, 97 (4th Cir. 2005). "[I]f a

8

physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, [then] it should be accorded significantly less weight." Id.

When evaluating medical opinions that are not entitled to controlling weight, the ALJ must consider the following non-exclusive list: (1) whether the physician has examined the claimant; (2) the treatment relationship between the physician and the claimant; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record; (5) whether the physician is a specialist; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527. The ALJ need only "give 'good reasons' in the decision for the weight ultimately allocated to medical source opinions." Fluharty v. Colvin, No. CV 2:14-25655, 2015 WL 5476145, at *12, n.6 (S.D. W. Va. Sept. 17, 2015). Under Social Security Ruling 96-2p, the decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."

The ALJ wrote the following about Dr. Holan's testimony in his decision:

> The undersigned considered impartial medical expert Dr. Holan's testimony describing the claimant's impairments and providing an opinion on the impact of impairment on the claimant's functional abilities. Dr. Holan averred than the claimant was capable of a range of light exertional work, such as lifting/carrying 20 pounds occasionally and 10 pounds frequently, standing/walking six hours in a workday and sitting six hours in a

9

> workday, having no push/pull limitations. Posturals could be performed occasionally, except no climbing of ladders, ropes or scaffolds. No manipulative, visual, or communicated limitations were required. Concentrated exposure, for example, to temperature extremes, extremely loud noise, and respiratory irritants was suggested. The claimant was capable of work in a normal office environment and there was no medical necessity for use of an assistive device for ambulation objectively evidenced. The undersigned accorded this opinion some, but not controlling weight. Although a non-examining and non-treating source, the opinion was consistent with and supported by the objective record, and further bolstered by the opinions of State agency medical consultant experts.

ECF No. 7-2 at 26.

On de novo review of the ALJ's decision, this Court agrees with the magistrate judge's finding that the ALJ properly assessed the testimony of medical expert Keith R. Holan, M.D. ("Dr. Holan"). Further, the Court agrees with the magistrate judge that the ALJ sufficiently explained the weight given to his opinion. The ALJ then used Dr. Holan's opinion as his hypothetical for the vocational expert.

"While questions posed to the vocational expert must fairly set out all of the claimant's impairments, the question[s] need only reflect those impairments supported by the record." Russell v. Barnhart, 58 F. App'x 25, 30 (4th Cir. 2003). The Commissioner may not rely upon the answer to a hypothetical question if the question fails to fit the facts on record. See Swaim v. Califano, 599 F.2d 1309, 1312 (4th Cir. 1979). An ALJ does not make a finding of fact by presenting a hypothetical question to a

vocational expert and may properly ask a vocational expert alternative hypothetical questions. See Davis v. Apfel, 162 F.3d 1154 (4th Cir. 1998).

The plaintiff asserts that the Larry Ostrowski, Ph.D. ("Dr. Ostrowski"), the vocational expert, testified that, if the plaintiff had to take restroom breaks every fifteen minutes and had to elevate his feet above his heart during the work day, then there would be no jobs available. ECF No. 7-2 at 74. However, as noted by the magistrate judge, the ALJ found that the plaintiff's allegations as to the amount of feet elevation and the frequency of urination were not credible. Thus, the ALJ did not include those limitations in his RFC that was presented to the vocational expert. On de novo review, this Court finds that the ALJ properly assessed the testimony of the vocational expert and that substantial evidence supports the ALJ's assessment. Thus, this Court upholds the magistrate's findings as to the ALJ's assessment of both Dr. Holan and Dr. Ostrowski's testimonies.

C. <u>The ALJ's Determination that the Plaintiff's Edema and Frequent Urination Were Not Limitations that Should be Considered in the RFC</u>

Lastly, the magistrate judge found that the ALJ determined that the alleged severity of the plaintiff's edema and frequent urination were not credible and therefore were not limitations that should be considered in the RFC. In his objections, the plaintiff

reasserts his argument that it was error for the magistrate judge to analyze the case in terms of the plaintiff's credibility because the plaintiff's argument in his motion for summary judgment is based on "medical fact." In response, the defendant contends that the magistrate judge fully considered the relevant medical evidence relating to the plaintiff's allegations of frequent urination and the need to elevate his legs in the RFC assessment.

On <u>de novo</u> review, this Court finds that the ALJ sufficiently discussed his RFC determination. The RFC is what a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). Specifically, the RFC is "[a] medical assessment of what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairment(s)." <u>Dunn v. Colvin</u>, 607 F. App'x 264, 272 (4th Cir. 2015) (quoting Social Security Ruling 83-10). The ultimate responsibility for determining a plaintiff's RFC is reserved for the ALJ, as the fact-finder. <u>Farnsworth v. Astrue</u>, 604 F. Supp. 2d 828, 835 (N.D. W. Va. 2009).

This Court agrees with the magistrate judge that the ALJ properly identified the plaintiff's symptoms and limitations before analyzing the plaintiff's work-related abilities on a function-by-function basis. The ALJ first determined that "symptoms, such as edema, low back pain, and dyspnea, are not medically determinable

impairments. Impairment must result from anatomical physiological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." ECF No. 7-2 at 21. Next, the ALJ specifically found that "[a] contention of urination every 15 minutes was wholly inconsistent with and unsupported by the objective evidence of record, as well as unsupported by the claimant's reports to treating and examining sources during the period at issue." ECF No. 7-2 at 22. The ALJ also determined that the plaintiff's edema was, in terms of clinical findings, "episodic," "improve[d] over time," and was "never more than mild to moderate in nature". ECF No. 7-2 at 23.

Upon review of the record, this Court finds that the ALJ's credibility determination as to the plaintiff's edema and frequent urination is supported by substantial evidence and that the ALJ applied the proper legal standard in making the determination. Thus, the ALJ properly excluded the alleged limitations of elevating the feet above the heart four hours per day and urination every fifteen minutes from the plaintiff's RFC. The allegations were not supported by the record and were not credible limitations. Thus, the ALJ's determination should be upheld, as recommended by the magistrate judge.

IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 15) is AFFIRMED and ADOPTED.

Accordingly, the defendant's motion for summary judgment (ECF No. 12) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 10) is DENIED, and the plaintiff's objections to the report and recommendation (ECF No. 16) are OVERRULED.  It is further ORDERED that this civil action be STRICKEN from the active docket of this Court.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    June 26, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE